IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MANZO-GONZALEZ,<br><br>           Petitioner,<br><br>      vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | No. CV-F-04-6094 OWW<br>(Nos. CR-F-03-5239 OWW; CR-F-03-5240 OWW)<br><br>ORDER GRANTING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, VACATING SENTENCE, DIRECTING FEDERAL DEFENDER TO APPOINT COUNSEL, AND DIRECTING U.S. MARSHAL TO RETURN PETITIONER FOR RE-SENTENCING ON MONDAY, DECEMBER 4, 2006 AT 10:00 A.M. IN COURTROOM 7 |

On August 13, 2004, petitioner Martin Manzo-Gonzalez filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged in No. CR-F-03-5239 with being a deported alien found in the United States in violation of 8 U.S.C. § 1326.  Petitioner was charged in No. CR-F-03-5240 with one count of conspiracy to possess and distribute a listed

1

chemical, pseudoephedrine, knowing that the pseudoephedrine would be used to manufacture a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846; and three counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Petitioner was represented in both cases by Steven Crawford.  On October 24, 2003, by written Plea Agreement, petitioner pleaded guilty to being a deported alien found in the United States and to one count of distribution of methamphetamine.  The Plea Agreement provided in pertinent part:

> **IV.  <u>Joint agreements between the parties</u>**.
>
> The parties stipulate that the drug quantity attributable to the defendant's offense of conviction and its relevant conduct is the methamphetamine distributed by the defendant on May 13, 21, and 28, 2003 as alleged in Indictment No. Cr.F 03-5240; more specifically approximately 127 grams (gross weight) of a mixture or substance containing methamphetamine.  The parties stipulate and agree to substitute the net weight (gross weight reduced by any packaging weight) if that net weight is lower than 127 grams.
>
> ...
>
> **VI.  <u>Factual Basis for Plea Agreement</u>**.
>
> The defendant will plead guilty because he is in fact guilty of the crimes to which he will admit guilt.  The defendant also agrees that his guilty plea will be based upon the following facts, although he acknowledges that, as to other facts, the parties may disagree.
>
> ...
>
> Defendant further agrees that the following are true and correct facts as to case CrF 03-5240 OWW:

2

> On or about May 13, 2003 in the County of Merced, State and Eastern District of California, defendant Martin Manzo Gonzalez distributed methamphetamine to another person or persons. The amount distributed was more than fifty (50) grams of a mixture or substance containing methamphetamine. At all relevant times, defendant Martin Manzo Gonzalez knew he was distributing methamphetamine and that methamphetamine is a controlled substance.

Petitioner was sentenced on January 12, 2004 in both cases to 120 months, to run concurrently, and a 60 month term of supervised release. Petitioner did not file a notice of appeal.

In moving for relief pursuant to Section 2255, petitioner asserts the following claims:

> 1.  Whether counsel was ineffective for failing to object to the sentence on the ground that the Sentencing Guidelines and procedures used to determine the sentencing facts were unconstitutional under *Apprendi v. New Jersey*.
>
> 2.  Whether counsel was ineffective because of "lack of research and investigation of the law of Blakely upon failure to notice Blakely future impact which was granted certiorari during the petitioner's proceedings".
>
> 3.  Whether counsel's "failure to pursue and/or notice his client of what the law of Apprendi was render the plea of guilty as void upon lack of information regarding the quantity as element of the offense before the entry of plea of guilty."
>
> 4.  Whether petitioner's "direct appeal waiver was unknowingly and unvoluntarilly [sic] made but procured through counsel constitutionally ineffective during the negotiations upon lack of investigation of the case as a whole".

3

        5.   Whether the guilty plea "was unvoluntary and unkowing [sic] upon counsel ineffective assistance pursuant lack [sic] of knowledge of the law in reference to the facts of the case in violation of movant due process".

        6.   Whether the direct appeal waiver "was unknowingly and unintellignet [sic] and unvoluntarilly [sic] made due to counsel ignored request from his client to files [sic] a notice of appeal and direct appeal acknowledged actually the petitioner's sentence is illegal which doesn't include a waiver of one illegal sentence under the facts of the present case".

        7.   Whether counsel was ineffective "upon lack of objection and contention that the government did not proved [sic] the quantities of methamphetamine which movant's [sic] admitted to were 'actual methamphetamine' as opposed to a mixture containing methamphetamine for sentencing purposes and whether it was an [sic] defendant or government burden for sentencing designs".

        8.   Whether petitioner's guilty plea "was affected as consequence of government Brady/Giglio/Agurs violations before the entry of plea of guilty and due to counsel [sic] lack of investigation and consultation with his client".

        9.   Whether petitioner "was entitled to manipulation or sentencing entrapment contention and was deprived due to counsel lack of investigation and government disclosure violations".

    In responding to this motion, the United States concedes that petitioner is entitled to relief with respect to his claim no. 7 above that he was improperly sentenced to the mandatory minimum of ten years imprisonment based on the distribution of

4

127 grams of a mixture or substance containing methamphetamine.[1]

Because of this concession, resolution of the other grounds for relief asserted in the motion is not necessary.  When petitioner is returned for re-sentencing, counsel for petitioner may raise any issues deemed appropriate at that time.

ACCORDINGLY, as set forth above:

1.  Petitioner Martin Manzo-Gonzalez's petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is GRANTED and Petitioner's sentence is VACATED.

2.  The Federal Defender is ordered to appoint counsel to represent petitioner.

3.  The U.S. Marshal is ordered to return petitioner to the Eastern District of California, Fresno, for re-sentencing in Courtroom 7 on Monday, December 4, 2006 at 10:00 a.m.

IT IS SO ORDERED.

**Dated:     October 13, 2006**               /s/ Oliver W. Wanger
668554                                        UNITED STATES DISTRICT JUDGE

---

[1] 21 U.S.C. § 841(b)(1)(A)(viii) imposes a mandatory minimum sentence of ten years for the distribution of "500 grams of more of a mixture or substance containing a detectable amount of methamphetamine ...".  Section 841(b)(1)(B)(viii) imposes a mandatory minimum sentence of five years for the distribution of "50 grams or more of a mixture or substance containing a detectable amount of methamphetamine."